[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17402
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60114-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEFTON CARL HARRISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 6, 2017)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Sefton Carl Harrison appeals his convictions for possessing with intent to distribute and for importing a detectable amount of cocaine, 21 U.S.C. §§ 841, 960(b)(3). Harrison argues that there was no "evidence of [his] 'active efforts' to avoid knowing that his suitcase contained cocaine" to support a jury instruction on deliberate ignorance. We affirm.

Harrison acknowledges that his argument is foreclosed by *United States v. Stone*, 9 F.3d 934 (11th Cir. 1993). In *Stone*, we held that an error in giving an instruction on deliberate ignorance is harmless if the instruction "clearly stated the proper legal standards for the jury to apply, . . . by its terms the instruction did not apply if there was insufficient evidence to prove deliberate ignorance beyond a reasonable doubt," and there was sufficient evidence of actual knowledge. *Id.* at 941; *see United States v. Kennard*, 472 F.3d 851, 858 (11th Cir. 2006). The district court instructed the jury that "you may find that [Harrison] knew about the possession of a controlled substance if you determine beyond a reasonable doubt that [Harrison], one, actually knew about the controlled substance; or, two, had every reason to know but deliberately closed his . . . eyes." The district court also "emphasize[d] that negligence, carelessness, or foolishness isn't enough to prove that [Harrison] knew about the possession of the controlled substance." Because we assume that the jury followed those instructions and would not have convicted Harrison unless it found that he was guilty beyond a reasonable doubt, *see Stone*, 9

F.3d at 938, we need consider only whether there was sufficient evidence that Harrison had actual knowledge of the cocaine.

There was sufficient evidence to convict Harrison based on actual knowledge. The government introduced testimony from customs agents about Harrison's conduct, his statements, and inconsistencies in his admission documents that proved he knew he was in possession of and importing cocaine. Harrison's flights were between Montego Bay, Jamaica, and Fort Lauderdale, Florida, yet his visa application stated that he was visiting an aunt in New York. Harrison identified his aunt as Elsada Smith and produced a declaration form listing a destination of 1787 North Congress Avenue in West Palm Beach, but he had to refer to two pieces of paper to provide his aunt's address and telephone number. Those papers, however, had telephone numbers for two persons named Gusse and Kirk and an address of 918 Kalian Drive in West Palm Beach. A customs agent then extracted a white powdery substance from Harrison's suitcase and discovered among its contents a second declaration form that listed the Kalian Drive address as Harrison's final destination. Harrison, who looked defeated, told customs agents that Kirk had given him the suitcase, a cellular telephone, his airline ticket, and instructed him to await a call after he arrived and to spend his first night in a specific hotel. And agents downloaded data from Harrison's telephone showing 24 calls from Kirk and text messages from him stating "Let's make some money,"

3

negotiating how many "grand" he would retain and Harrison would receive to "risk [him]self for," and directing Harrison to record the Kalian Drive address and delete their text messages.

We **AFFIRM** Harrison's convictions.